**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LARRY SHERMAN,
          Plaintiff,
     v.                                         **CIV-09-0626 MCA/GBW**

CIMAREX ENERGY CO. and
WILBANKS TRUCKING, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

This case is before the Court upon Plaintiff's *Motion for Leave to File Amended Pleading*. [Doc. 10] The Court has considered the motion and any responses thereto, the relevant law, and is otherwise fully informed. For the reasons given below, the Court grants Plaintiff leave to file an amended complaint.

This personal injury lawsuit arises out of an August 8, 2006 incident at an oil rig located in Lea County, New Mexico. Plaintiff, Larry Sherman ("Sherman"), alleges that he suffered serious physical injuries as the result of Defendants' negligence. The Defendants named in the original complaint were Cimarex Energy Co. ("Cimarex") and Wilbanks Trucking, Inc. ("Wilbanks"). Sherman is a citizen of Texas. Defendant Cimarex is a Colorado corporation. Defendant Wilbanks is a New Mexico corporation. Subject matter jurisdiction over the complaint is based on 28 U.S.C. § 1331(a). The original complaint was filed in this Court on June 25, 2009. Plaintiff initially served Cimarex with a request for waiver of the service of summons, which was incorrectly filled out. [Doc. 12-2] Thereafter Plaintiff served the summons and complaint by personal service on September 15, 2009. [Doc. 6] Both Defendants have

answered the complaint.  [Doc. 3; Doc. 8]

In support of his motion to amend, Sherman asserts that it was not until after he filed his complaint tat his counsel learned that he may have failed to sue the correct parties. [Doc. 10 at 10, 17] Plaintiff now believes that either Cimarex Energy Co. of Colorado ("Cimarex-Colorado") or Magnum Hunter Resources, Inc. ("Magnum Hunter") was the operator of the oil rig. [Doc. 10 at 4-5] In its response to the motion to amend Cimarex has acknowledged that Cimarex-Colorado was the operator of the well;  that Magnum Hunter and Cimarex-Colorado have merged and continue to do business as Cimarex-Colorado; and that Cimarex-Colorado is a wholly owned subsidiary of Cimerex. [Doc. 12 at 2-3]

The Amended Complaint alleges that  Cimarex-Colorado and Magnum Hunter are Texas corporations. [Doc. 10 at 4-5, ¶¶ 4, 5]  Pursuant to 28 U.S.C. § 1331© (1), a corporation is deemed a citizen of any state by which it has been incorporated or the state where it has its principal place of business.  Since Sherman is a citizen of Texas, joinder of either of these Texas corporate defendants would destroy diversity of citizenship, depriving the Court of subject matter jurisdiction.  Sherman has been straightforward in explaining why, having initially selected a federal forum, he now seeks to add non-diverse defendants. Under New Mexico law, the statute of limitations for personal injury is three years, NMSA 1978, § 37-1-8, and, absent tolling, would have run against Cimarex-Colorado and Magnum in August 2009.  Sherman seeks an amendment adding Cimarex-Colorado and Magnum so that if and when this lawsuit is re-filed in state court he can argue that (1) the re-filed lawsuit is a continuation of the present federal action for statute of limitations purposes by operation of NMSA 1978, § 37-1-14; and (2) his amended complaint  naming Cimarex-Colorado and Magnum Hunter relates back to June 25, 2009, the date the original complaint was filed by operation of  Fed. R. Civ. P. 15(c)(1). [Doc. 10

at 2; Doc. 13 at 2-4].

Because both Defendants have answered the original complaint, Sherman may no longer amend his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1). Plaintiff's amendment is governed by Rule 15(a)(2), which requires written consent of the opposing parties or leave of the Court. Neither Defendant has consented to an amendment to the original complaint. Therefore the decision to grant or deny leave to amend is committed to the Court's discretion. The Court is guided by the principle that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The failure to grant leave to amend will have serious consequences for Sherman, as it appears that if his claims are not deemed to relate back to the date his original complaint was filed his claims against Cimarex-Colorado will be time barred. Cimarex has not argued that it, or its wholly owed subsidiary Cimarex-Colorado, will be unfairly prejudiced by the proposed amendment. It appears from the facts set out in Sherman's motion and in Cimarex's response that Sherman very likely may be able to satisfy the requirements of Rule 15©.[1] *Travelers Indem. Co. v. United States ex rel. Construction Specialities Co.*, 382 F.2d 103 (10th Cir. 1967) (allowing relation back of amendment naming wholly-owned subsidiary of original defendant). The facts strongly suggest that Cimarex "'hid in the bushes' so to speak," *Travelers*, 382 F.2d at 107, in order to allow the statute of limitations to expire before advising Sherman that he had sued the wrong corporate entity. To the extent that the amendment allows Sherman to argue in

---

[1] The Court is *not* deciding at this time that amended complaint does in fact relate back. Whether the amended complaint relates back should be decided in a procedural context that permits the newly-added defendants to be heard on the issue. *See Garrett v. Fleming*, 362 F.3d 692, 694-96 (10th Cir. 2004) (discussing relation back in context of defendants' motion to dismiss on statute of limitations ground).

response to a motion to dismiss on statute of limitations grounds that the amended complaint relates back to the date the original complaint was filed, thereby preserving Sherman's ability to prosecute his personal injury claim against the correct party, the amendment is not futile. The Court concludes that the interests of justice will be served by giving Sherman leave to file an amended complaint.

Fed. R. Civ. P. 12(h)(3) states that "[i]f the court determines at any time that if lacks subject-matter jurisdiction, the court must dismiss the action." It the duty of a federal court to examine its subject matter jurisdiction. *Tuck v. United Serv. Auto. Assn.*, 859 F.2d 842, 844 (10th Cir. 1988). As discussed above, in view of the citizenship of the parties alleged in *Plaintiff's Amended Complaint* it is immediately apparent that *Plaintiff's Amended Complaint* does not allege facts establishing federal jurisdiction under 28 U.S.C. § 1331(a). The Court will allow Plaintiff fourteen days from the date that this Memorandum Opinion and Order is filed to show cause in writing why *Plaintiff's Amended Complaint* and this action should not be dismissed without prejudice for want of subject matter jurisdiction.

**IT IS HEREBY ORDERED** that *Plaintiff's Motion for Leave to File Amended Pleading* [Doc. 10] is **granted**, and Plaintiff shall file his Amended Complaint on or before December 14, 2009;

**IT IS FURTHER ORDERED** that Plaintiff shall have until December 21, 2009 in which to show cause in writing why *Plaintiff's Amended Complaint* and this action should not be dismissed without prejudice for want of subject matter jurisdiction.

**SO ORDERED this 7th day of December, 2009.**

                                              M. CHRISTINA ARMIJO
                                              UNITED STATES DISTRICT JUDGE